[No. 19029. Department One. March 6, 1925.]

F. G. ROGERS, *Respondent,* v. IDA A. DOHERTY, *Appellant.*[1]

APPEAL (418)—REVIEW—FINDINGS. Findings will not be disturbed on appeal where it is clear the evidence does not preponderate against them.

Appeal from a judgment of the superior court for King county, Truax, J., entered June 18, 1924, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Will H. Merritt* and *C. S. Goshert,* for appellant.

*Furber & Furber,* for respondent.

PARKER, J.—The plaintiff, Rogers, commenced this action in the superior court for King county, seeking recovery of compensation in the sum of $500 as commission for his finding and producing a purchaser of

[1]Reported in 233 Pac. 1118.

the furniture and equipment of a hotel belonging to the defendant, Mrs. Doherty. A trial upon the merits before the court sitting without a jury resulted in findings and judgment awarding to plaintiff recovery as prayed for, from which the defendant has appealed to this court.

On December 11, 1923, the defendant listed with the plaintiff, who was then engaged in the business of selling property on commission, her hotel furniture and equipment, tentatively agreeing to take $11,000 as the purchase price therefor, payable $4,000 down and the balance in deferred payments. A few days thereafter the plaintiff found and produced a purchaser ready and able to purchase the property for $11,000 by paying $2,000 down and the balance in deferred installments at the rate of $200 per month, with seven per cent interest on such deferred installments. Thereafter, on December 22, 1923, a written contract of sale to that effect was signed by the defendant and the purchaser so produced by the plaintiff. Endorsed upon this contract was also a memorandum agreement, signed by defendant, to pay to the plaintiff $500 for his services in finding and producing the purchaser. Soon thereafter the defendant refused to deliver the property to the purchaser or otherwise consummate the deal, though the purchaser remained at all times able and willing to complete the deal in accordance with the terms of the written contract.

Upon the merits of the case there is nothing here involved other than questions of fact arising under the defendant's allegation in her affirmative answer that she was fraudulently induced by the plaintiff to sign the contract with the prospective purchaser. We have carefully read all of the evidence introduced upon the trial, brought here by a full statement of facts, and deem it sufficient to say that it seems quite clear to us

that the evidence does not preponderate against the court's findings, conclusions and judgment rendered against the defendant.

The record before us presents a condition which renders it probable that the plaintiff's motion to dismiss the defendant's appeal for want of proper service of the notice of appeal should be granted. The record also renders it probable that we should ignore the statement of facts because of want of proper exceptions to the court's findings which plainly support the judgment, and for that reason affirm the judgment. We think, however, a more satisfactory disposition of the cause can be made by disposing of it as we do upon the merits.

The judgment is affirmed.

TOLMAN, C. J., ASKREN, BRIDGES, and MAIN, JJ., concur.